**John Michael CRIM, Plaintiff— Appellee,**

v.

**Hal KING, Officer of Chula Vista Police Dept.; Nicolle Depriest, Officer of Chula Vista Police Dept.; City of Chula Vista; Does 1–10, Defendants,**

and

**Daniel Pearce, Alpine County Deputy Sheriff, Defendant—Appellant.**

**John Michael Crim, Plaintiff— Appellant,**

v.

**Hal King, Officer of Chula Vista Police Dept.; Nicolle Depriest, Officer of Chula Vista Police Dept.; Daniel Pearce, Alpine County Deputy Sheriff; City of Chula Vista; Does 1–10; Gary Wedge; Does, Does 2–3, Defendants— Appellees.**

No. 01–57106, 02–55612.
D.C. No. CV–00–00465–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2003.

Decided March 17, 2003.

Before PREGERSON and THOMAS, Circuit Judges, and OBERDORFER,* District Judge.

## MEMORANDUM**

John Michael Crim appeals the grant of summary judgment to defendant police officers on various § 1983 claims and the dismissal under Fed. Rule of Civ. Proc. 12(b)(6) of three claims against defendant County Sheriff Pearce. Pearce cross-appeals the denial of his motion to reconsider the district court's denial of qualified immunity. We affirm in part and reverse in part. Because the parties are familiar with the facts and procedural history, we will not recount them here.

### I

The district court did not err in dismissing three of Crim's claims against

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pearce under Fed.R.Civ.P. 12(b)(6). Crim argues that his amended complaint alleged viable claims against Pearce for failure to intervene, unreasonable seizure, and conspiracy to violate civil rights. He insists that police officers have a general "duty to intercede" whenever fellow officers are engaged in constitutional violations regardless of whether there is violent force involved. Our case law does not support this conclusion. The only case cited by Crim, *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *vacated in part on other grounds by Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), is inapposite.

Crim's complaint also failed to state a claim for excessive force. It is not independently stated as a separate claim, and the facts alleged in the complaint are not sufficient to sustain such a theory. Thus, the district court's dismissal was proper. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).

■ The district court also properly dismissed Crim's claim for unreasonable seizure. Within the first 48 hours after arrest, the plaintiff bears the burden of establishing that any delay in taking him before a magistrate was unreasonable. *Hallstrom v. City of Garden City,* 991 F.2d 1473, 1479–80 (9th Cir.1993). Crim makes no allegation about the delay apart from the argument that "no reason existed" for it, and he admits that he was only in Pearce's custody for less than four hours. These facts are not sufficient to sustain this cause of action.

■ The district court also properly dismissed Crim's conspiracy claim. In order to sustain a conspiracy claim, a plaintiff must demonstrate "the existence of an agreement or meeting of the minds to violate constitutional rights." *Mendocino Env. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999). In the present case, Crim merely alleges that the defendants acted together to execute a warrantless search and arrest. However, even if the warrantless arrest turned out to be in violation of the Constitution, Crim cannot point to any facts that would suggest an agreement to deprive him of his right to be free of unlawful search and seizure. Once again, the district court properly dismissed this claim under Rule 12(b)(6).

## II

■ The district court did not err in its summary judgment order. Crim argues first that the district court improperly removed the burden of proof on the defendants to show that the consent was valid. However, the district court merely stated, correctly, that in a motion for summary judgment on qualified immunity, the defendants must only show they *believed* the consent was valid. That is, they still bear the burden of proof, but the question shifts to the reasonableness of their belief rather than the truthfulness of the underlying facts.

Crim next argues that the officers failed to show any evidence that Donna Tubb had the authority to grant consent to search the residence, or even that they believed she did. However, the officers presented a signed consent form from Tubb, which promised her "a list of any items removed," as well as a declaration from Officer King that he "obtained consent to search forms from Ms. Donna Elaine Tubb." Although neither document specifies Tubb's residence, the officers could have formed a reasonable belief that she had the authority to grant consent. *See, e.g., Illinois v. Rodriguez,* 497 U.S. 177, 179, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (noting that a reasonable belief in third party authority to consent creates a valid search).

In addition to these two documents, the police reports contain detailed statements by King and DePriest describing the initial investigation, their early suspicions about Crim, the initial links to Tubb, her admission that she lived with Crim, and the fact that she gave the police a key to the residence. Crim argues this evidence is inadmissible, but the public records exception to the hearsay rule covers both "activities of the office or agency" and "matters observed pursuant to duty imposed by law." Fed. R. Ev. 803(8)(A), (B). Personal observations of officers contained in the police reports are generally admissible, *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir.1973), and Officers King and DePriest recorded their own observations and activities leading up to the signing of the consent form. Moreover, this evidence would only be admitted to show the reasonableness of their belief that Tubb had authority to consent to the search, not to prove her actual connection to Crim or the events in question. Because this evidence may be considered, the record even more clearly demonstrates that the officers' belief was reasonable.

■ Finally, Crim argues that Tubb could not give consent to search the premises in her absence while Crim was actually there. However, in some cases California law permits the search of a residence upon the consent of an absent cotenant even when another, present cotenant does not affirmatively consent. *People v. Veiga*, 214 Cal.App.3d 817, 262 Cal.Rptr. 919 (1989). In light of the current case law, the officers could have reasonably believed that Tubb's consent allowed their entry even if she did not accompany them to the scene.

### III

■ Pearce is entitled to qualified immunity because he reasonably relied upon the consent obtained by the Chula Vista officers. *See, e.g., Ramirez v. Butte–Silver Bow Co.*, 298 F.3d 1022, 1027–28 (9th Cir. 2002). Therefore, the district court erred in denying him qualified immunity.

**AFFIRMED in part; REVERSED in part.**